THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX CANDELARIO MARTÍNEZ, Defendant and Appellant.

No. CR-68-9.     Decided October 11, 1968.

*Julio I. Rodríguez Torres* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of driving an automobile under the influence of intoxicating liquor, in violation of the Vehicle

and Traffic Law, 9 L.P.R.A. § 1041. A penalty of one hundred dollars was imposed on him and his license was suspended for the minimum term of one year which is prescribed by law.

The only error assigned consists in challenging the sufficiency of the evidence. This assignment lacks merit. The policeman who intervened with appellant testified that he saw the car zigzagging along the street, that a little further the car invaded the sidewalk at a place where there is a rampart, as a result of which one of the front wheels was bent and the muffler was broken; that appellant smelled strongly of liquor and staggered. He was taken to the police station and from there to the Municipal Hospital where the blood test was made. The result of said test was .20% despite an hour having elapsed from the time the accident occurred to the time the sample was taken, which places him within paragraph (3) of the aforecited section of the Vehicle and Traffic Law, which paragraph provides that

"If there was at the time of the analysis fifteen (15) hundredths of one (1) per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation." 9 L.P.R.A. § 1041(b)(3).

Obviously the trier of the facts did not give credit to the testimony of the witness for the defense, Isabel Santiago, who testified that appellant was not drunk. Appellant himself testified that "he had drank some beers."

In his brief appellant tells us that he did not commit any antisocial act. On the contrary, he committed it. To drive a motor vehicle under the influence of intoxicating liquor is an antisocial act. It endangers not only the life of the one committing it, but also that of others. For example, in this case the car driven by appellant invaded the sidewalk on an urban thoroughfare colliding with such a force that a wheel was bent. That could have killed a child who might have been

there. Similar cases have occurred.[1] If what appellant means —as it seems—is that when he was arrested he did not breach the peace nor offer resistance, then it seems that he commits the error of believing that in order to be convicted of an offense he must have committed two more. Of course, that is not correct. See *People* v. *Díaz Torres*, 89 P.R.R. 704 (1963) where we discussed that *non sequitur*. There at page 717 we said:

"It is not necessary to prove that defendant became imprudent in order to prove that he was intoxicated. It is of general knowledge that some drunkards become very refined, others become quarrelsome; some feel happy and others take to crying. Others simply get sleepy and fall asleep and become very quiet. The law does not punish driving a vehicle while intoxicated because the driver becomes ill-behaved, but because driving a motor vehicle in that condition endangers his life, the life of those who may be riding in the vehicle, and that of other persons who may be on the streets, on the sidewalks, in the parks, and on the porches."

The judgment rendered in this case by the Superior Court, Ponce Part, on August 25, 1967, will be affirmed.

---

[1] In *Santiago Cruz* v. *Hernández Andino*, 91 P.R.R. 688 (1965), a driver who invaded the safety zone with his car killed a girl who was in the first grade in school.